UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICK M. ELTIZAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF LAS VEGAS AND THE LAS VEGAS POLICE DEPARTMENT,<br><br>　　　　Defendants. | Case No. 2:16-cv-01178-APG-CWH<br><br>**ORDER PARTIALLY GRANTING CITY'S MOTION TO DISMISS**<br><br>(ECF No. 13) |

Plaintiff Nick Eltizam has filed a civil rights complaint against the City of Las Vegas and the Las Vegas Metropolitan Police Department, alleging that he was "terrorized and tortured unlawfuly (sic) for four months and six days" after being convicted of a crime. ECF No. 4 at 3. The City moves to dismiss the claims against it. ECF No. 13. I will dismiss some but not all of the claims against the City.

Eltizam's complaint is a rambling diatribe against the City and Metro for what he feels was an unlawful conviction, sentence, and incarceration. To the extent he contends he was wrongfully convicted and sentenced, his claims must be dismissed. "Under *Heck v. Humphrey*, a state prisoner cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff 'would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Eltizam does not allege that his conviction or sentence has been invalidated. Thus, he cannot maintain any claims based upon his conviction or sentence.

Moreover, the City cannot be held liable for Eltizam's allegations about how he was treated by Metro or its officers. The City and Metro are separate entities, and Metro is responsible for the actions of its employees. Nev. Rev. Stat. § 280.280(4) (Metro "is responsible

for the defense of any claim and for any judgment arising out of any act or omission to act on the part of . . . the sheriff, or any officer, employee or agent of the department, for which a political subdivision of the State may be held responsible . . . .").

But this does not mean the City is completely out of this case. Eltizam's complaint seems to also allege that the conditions of his incarceration in the City jail violated his constitutional rights. *See, e.g.,* ECF No. 4 at 5 (Count II) (alleging his jail cell was pumped with "very cold air," he was subject to "freezing temperature in the locked room like [he] was not human," he was "refused . . . a second blanket," and he was refused toilet paper). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."[1] However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint.[2] A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.[3] Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."[4]

The City admits it housed Eltizam during his incarceration. ECF No. 13 at 4:25-26. *See also*, ECF No. 4 at 12-14, 16 (City of Las Vegas Department of Detention and Enforcement records of Eltizam's incarceration). Eltizam contends he was subjected to inhumane conditions (very cold air and lack of toilet paper) during his stay in the jail. "The Eighth Amendment guarantees adequate heating."[5] "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."[6] Eltizam has alleged scant but sufficient factual allegations about the conditions of his confinement. The pleadings of a *pro se* party are to be liberally construed to do justice.

---

[1] *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).
[2] *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).
[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[4] *Id.* at 555.
[5] *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998).
[6] *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314, *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995)

Accepting Eltizam's allegations as true (which I must do at this stage of the litigation), the City could be liable if the conditions of his incarceration violated his constitutional rights.

IT IS THEREFORE ORDERED that the City's motion to dismiss **(ECF No 13) is GRANTED IN PART**. The only remaining claim against the City is Eltizam's assertion that the conditions of his confinement in the City jail violated his constitutional rights.

DATED this 14th day of March, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE