# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

NICK M. ELITZAM,

    Plaintiff,

v.

CITY OF LAS VEGAS and LAS VEGAS POLICE DEPARTMENT,

    Defendants.

Case No. 2:16-cv-01178-APG-CWH

**ORDER GRANTING DEFENDANT CITY OF LAS VEGAS'S MOTION FOR SUMMARY JUDGMENT**

(ECF No. 40)

    Plaintiff Nick Elitzam alleges that defendant Las Vegas Metropolitan Police Department gave him a ticket for disturbing the peace and he was subsequently put in jail for four months and six days. ECF No. 4 at 4. Elitzam alleges that while in jail, he was subjected to freezing temperatures and was denied a second blanket and toilet paper due to racial animus. *Id.* at 5.

    Defendant City of Las Vegas moves for summary judgment, arguing that Elitzam cannot present evidence in support of his claims because he failed to respond to the City's requests for admissions, so he is deemed to have made admissions fatal to his claims. The City also argues that Elitzam cannot show that any deprivations were caused by a City policy, custom, or practice. In response, Elitzam rehashes his disputes with his neighbors and the police, making only passing reference to his contention that he was jailed in cold and unsanitary conditions. ECF No. 42. Elitzam filed another document to which he attached medical records showing he thought he was having a heart attack after he was sentenced in state court. ECF No. 43.

    Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

1  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Federal Rule of Civil Procedure 36(a)(3), a matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Once admitted, the matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

The City sent Elitzam requests for admissions, which he refused to accept and returned in the mail without responding. ECF No. 40 at 9-10, 12. Because Elitzam did not respond, the matters in the requests are deemed admitted. Elitzam thus has admitted he has no evidence to support his claims that cold air was pumped into his jail cell, that he was subjected to freezing temperatures, or that he was denied a blanket and toilet paper. *Id.* at 17. Elitzam does not request to withdraw his admissions. The City therefore is entitled to summary judgment.

Moreover, Elitzam has presented no evidence that even if he was subjected to freezing temperatures and denied necessities, these deprivations were caused by a City policy, custom, or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-694 (1978). For this additional reason, the City is entitled to summary judgment.

/ / / /

/ / / /

/ / / /

IT IS THEREFORE ORDERED that defendant City of Las Vegas's motion for summary judgment **(ECF No. 40) is GRANTED**. The clerk of court shall enter judgment in favor of defendant City of Las Vegas and against plaintiff Nick M. Elitzam.

DATED this 22nd day of November, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE